UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFONSO LORENZO BROOKS,

        Petitioner,

  v.

        Case No. 20-cv-727-pp

EARNELL LUCAS,

        Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1) AND DISMISSING CASE WITHOUT PREJUDICE**

On May 12, 2020, the petitioner, a detainee at the Milwaukee County Jail who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the jail. Dkt. No. 1. He has paid the $5.00 filing fee. This order dismisses the petition and the case.

**I.    Background**

The petition indicates that the petitioner is challenging his pretrial detention in Milwaukee County Case No. 2020CF001122. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for the case. See State v. Brooks, Milwaukee County Case No. 20CF001122 (available at https://wcca.wicourts.gov). The docket for that case shows that on March 12, 2020, the State filed a complaint against the petitioner. Id. As of April 28, 2021, charges of fleeing an officer in a vehicle, possessing a firearm as a convicted felon and resisting or obstructing an officer remained pending. Id.

The docket reflects that the petitioner remains in custody, after being remanded during a hearing on January 25, 2021. Id. The case has been suspended pending the return of a competency evaluation; the report is scheduled to be returned to the court on May 28, 2021. Id.

**II.    Rule 4 Screening**

　　A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as cases involving claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.  Analysis

Although it is difficult to discern, the petition appears to assert that (1) Milwaukee Police Officers unlawfully arrested the petitioner, dkt. no. 1 at 6; (2) Milwaukee Police Officers unlawfully detained him, id.; (3) the petitioner's attorney is in league with the prosecutor and is providing ineffective assistance of counsel, id.; (4) Milwaukee Police officers unlawfully conducted unlawful searches and seizures, id. at 7; and (5) the petitioner's detention during the COVID-19 pandemic violates the Fourteenth Amendment, dkt. no. 1-1 at 39. Explaining why he did not appeal, file a grievance or seek an administrative remedy, the petitioner states:

> Afraid to be incarcerated for M.P.D. vindictiveness [P.O hold] when no one may believe, then not wanting to leave my fiancé and son by themselves to bore the outcome alone [which happen anyways] so I filed no complaints with Agency and its an ongoing issue still with a compromise chain of command. And respectfully applying 10th Amendment.

Dkt. No. 1 at 2. The petitioner seeks (1) $3,500 for his neighbors, (2) "an equal opportunity for request for relief" for Meaghan E. Hill, (3) a court-ordered

3

internal affairs investigation of Milwaukee Police Officers, (4) dismissal of all charges against him, (5) a vacation of a sentence that resulted from a prior criminal proceeding, and (6) "an additional $6,000 payable to Austin Hill-Brooks . . . $2,000 from District Attorney's Office, $2,000 from State Public Defenders office, and $2,000 from Milwaukee County Sheriffs Office for the unlawful roles they played." Dkt. No. 1-1 at 43-45.

The court must dismiss the petition. First, the state-court criminal proceedings against the petitioner are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion with the Milwaukee County judge arguing that his arrest, search and seizure were unlawful; he may ask for a new attorney; he may argue to the circuit court judge that officials are otherwise violating his constitutional rights.

4

Second, the petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The petitioner's proceedings in the state trial court have not concluded. He has not presented his claims to the Wisconsin Court of Appeals or sought review of the Court of Appeals' decision in the Wisconsin Supreme Court. The petitioner has not exhausted his state remedies, which he must do before seeking *habeas* relief in federal court.

Third, most of the relief the plaintiff seeks—dismissal of pending and prior charges—is relief that only the state court can grant. As to the petitioner's several requests for money damages, monetary relief is not available to a *habeas* petitioner. Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).

The court will dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

5

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petition does not warrant *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**